# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: April 23, 2024

```
* * * * * * * * * * * * *
JUDY ECHOLS,                          *
                                      *
            Petitioner,               *    No. 17-838V
                                      *
v.                                    *    Special Master Gowen
                                      *
SECRETARY OF HEALTH                   *
AND HUMAN SERVICES,                   *
                                      *
            Respondent.               *
* * * * * * * * * * * * *
```

*Laura Levenburg*, Muller Brazil PA, Dresher, PA, for Petitioner.
*Katherine Carr Esposito*, United States Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

On May 12, 2023, Judy Echols, ("petitioner") filed a motion for attorneys' fees and costs. Petitioner's Motion for Attorney Fees ("Fees App.") (ECF No. 107). For the reasons discussed below, I **GRANT** Petitioner's motion for attorneys' fees and costs and award a total of **$98,926.15.**

### I.     Procedural History

On June 21, 2017, Judy Echols ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program.[2] Petition (ECF No. 1). Petitioner alleged that as a result of receiving the influenza ("flu") on November 12, 2015, she suffered from left brachial plexopathy. *Id*. On September 14, 2021, I issued a Ruling on Entitlement, finding that Petitioner was entitled to compensation. Ruling on Entitlement (ECF No. 71). On June 20, 2022, the parties filed a proffer, which I adopted as my decision awarding compensation on that same date. (ECF

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). This means the Decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to -34 (2018) (Vaccine Act or the Act. All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

No. 89). Thereafter, Respondent filed a motion for review of the Ruling on Entitlement to the U.S. Court of Federal Claims, which was assigned to Judge Tapp. On March 9, 2023, Judge Tapp denied Respondent's motion and affirmed the September 14, 2021 Ruling on Entitlement. (ECF No. 100).

On May 12, 2023, Petitioner filed a motion for attorneys' fees and costs incurred by her current counsel, Muller Brazil PA, and her previous counsel, Maglio Christopher & Toale, PA (mctlaw). Petitioner requests total attorneys' fees and costs in the amount of $99,256.15, representing $59,904.00 in attorneys' fees and $16,668.60 in attorneys' costs incurred by Muller Brazil; and $22,290.00 in attorneys' fees and $393.55 in attorneys' costs incurred by mctlaw. Fees App. at 2. Pursuant to General Order No. 9, Petitioner warrants she has not personally incurred any costs in pursuit of his claim. *Id.* Respondent responded to the motion on May 12, 2023, stating that Respondent "is satisfied that the statutory requirements for an award of attorneys' fees and costs are met in this case." Response at 2 (ECF No. 108). Petitioner did not file a reply.

The matter is now ripe for adjudication.

**II.     Analysis**

Under the Vaccine Act, the special master may award reasonable attorneys' fees and costs for a petition that does not result in an award of compensation but was filed in good faith and supported by a reasonable basis. § 300aa–15(e)(1). Here, because Petitioner was awarded compensation pursuant to a stipulation, she is entitled to an award of reasonable attorneys' fees and costs.

Petitioners "bea[r] the burden of establishing the hours expended, the rates charged, and the expenses incurred" are reasonable. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1993). Adequate proof of the claimed fees and costs should be presented when the motion is filed. *Id.* at 484 n. 1. The special master has the discretion to reduce awards *sua sponte*, independent of enumerated objections from the respondent. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 208–09 (Fed. Cl. 2009); *Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313 (Fed. Cl. 2008), *aff'd* No. 99–537V, 2008 WL 2066611 (Fed. Cl. Spec. Mstr. Apr. 22, 2008).

   **a.    Attorneys' Fees**

Petitioner requests the following rates for the work of her counsel at Muller Brazil: for Ms. Laura Levenberg, $275.00 per hour for work performed in 2021, $350.00 per hour for work performed in 2022, and $375.00 per hour for work performed in 2023; for Ms. Shealene Mancuso, $225.00 per hour for work performed in 2017, $233.00 per hour for work performed in 2018, $250.00 per hour for work performed in 2019, and $275.00 per hour for work performed in 2020; for Mr. Paul Brazil, $300.00 per hour for work performed in 2017, $317.00 per hour for work performed in 2018, $350.00 per hour for work performed in 2020, $375.00 per hour for work performed in 2021, and $400.00 per hour for work performed in 2022; and for Mr. Max Muller, $375.00 per hour for work performed in 2021 and $400.00 per hour for work performed in 2022. *See* Fees App. Ex. A. These rates are consistent with what counsel have previously been awarded for their Vaccine Program work and I find them reasonable herein for work performed in the instant case.

Petitioner requests the following rates for the work of her counsel at mctlaw: for Mr. Benjamin Christian, $315.00 per hour for work performed in 2022, and $345.00 per hour for work performed in 2023. *See* Fees App. Ex. C. I find these hourly rates to be reasonable and will award these fees for Mr. Christian as requested.

Petitioner also requests a rate of $520.00 per hour for Ms. Jennifer Maglio for her work in this matter in 2022. *See* Fees App. Ex. C. This hourly rate requires adjustment. Ms. Maglio was previously awarded a rate of $445.00 per hour for work performed in 2021. *See Flores v. Sec'y of Health & Human Servs*, No. 18-759V, 2022 WL 5420008, *1 (Fed. Cl. Spec. Mstr. Sept. 6, 2022). In her sworn statement, Ms. Maglio affirmed that in 2022, she "billed and received an hourly rate of $460." Fees App. Ex. E at 3. Ms. Maglio further affirmed, however, that her 2022 and 2023 hourly rates had "not yet been opined upon by the Special Masters of this Court but [had] been regularly paid by clients in [her] hourly cases outside of the vaccine program." *Id*. at 4.

There is a discrepancy between the rate Ms. Maglio stated she billed and received in 2022 ($460.00), and the rate she actually billed in this case ($520.00). And the amount billed is greater than the maximum amount of the range corresponding to Ms. Maglio's level of overall legal experience ($507.00).[3] Thus, I award Ms. Maglio the lesser rate of $460.00 per hour for her work in this matter in 2022. This rate represents what Ms. Maglio affirmed was her billed and received hourly rate in 2022, and also represents a fair and consistent increase from her previously awarded program rate of $445.00 per hour in 2021. Application of this rate results in a reduction in the amount of fees to be awarded herein of $330.00.[4]

Turning next to review of the submitted billing statements, I find that the overall hours spent on this matter by counsel for Muller Brazil and mctlaw, respectively, appear to be reasonable. The entries are reasonable and accurately describe the work being performed and the length of time it took to perform each task. Respondent also has not identified any particular entries as being objectionable. Therefore, Petitioner is entitled to final attorneys' fees totaling $81,864.00, including $59,904.00 for Muller Brazil and $21,960.00 for mctlaw.

### b. Attorneys' Costs

Like attorneys' fees, a request for reimbursement of costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests total attorneys' costs in the amount of $16,668.60 for Muller Brazil, and $393.55 for mctlaw. These amounts are comprised of acquiring medical records, travel and expenses incurred for the hearing, the hearing transcript fee, expert services performed by Daniel DiCapua, M.D., the Court's filing fee, and legal research fees. Fees App. Ex. B at 1; Fees App. Ex. D at 1. Petitioner has provided adequate documentation supporting all of her requested costs and Respondent also has not

---

[3] Barred in 1996, Ms. Maglio is considered to have 25 years of overall legal experience when determining her 2022 hourly rate. Fees App. Ex. E at 1. For work performed in 2022, attorneys with 20+ to 30 years of experienced should be awarded hourly rate between $427.00 to $507.00. *See* OSM Attorneys' Forum Hourly Rate Fee Schedule: 2022, fund at the Court's website at http://www.uscfc.uscourts.gov/sites/default/files/Attorneys%27-Forum-Rate-Fee-Schedule-2022-%28Final%29.pdf (last visited Apr. 22, 2024).

[4] This amount is calculated as: ($520.00 - $460.00 = $60.00 x 5.50 hours) = $330.00

identified any particular costs as objectionable. Petitioner is therefore awarded the full amount of costs sought totaling $17,062.15, including $16,668.60 for Muller Brazil, and $393.55 for mctlaw.

### III. Conclusion

In accordance with the foregoing, I hereby **GRANT** petitioner's motion for attorneys' fees and costs and find that Petitioner is entitled to a reimbursement of attorneys' fees and costs as follows:

| **Muller Brazil** | |
|---|---|
| Attorneys' Fees Requested | $59,904.00 |
| (Reduction of Fees) | - |
| **Total Attorneys' Fees Awarded** | **$59,904.00** |
| | |
| Attorneys' Costs Requested | $16,668.60 |
| (Reduction of Costs) | - |
| **Total Attorneys' Costs Awarded** | **$16,668.60** |
| | |
| **Total Attorneys' Fees and Costs (Muller Brazil)** | **$76,572.60** |
| | |
| **mctlaw** | |
| Attorneys' Fees Requested | $22,290.00 |
| (Reduction of Fees) | ($330.00) |
| **Total Attorneys' Fees Awarded** | **$21,960.00** |
| | |
| Attorneys' Costs Requested | $393.55 |
| (Reduction of Costs) | - |
| **Total Attorneys' Costs Awarded** | **$393.55** |
| | |
| **Total Attorneys' Fees and Costs (mctlaw)** | **$22,353.55** |
| | |
| **Total Attorneys' Fees and Costs** | **$98,926.15** |

**Accordingly, I award the following a total of $98,926.15[5] including:**

1) **a lump sum in the amount of $76,572.60, representing reimbursement for Petitioner's attorneys' fees and costs, in the form of a check payable to Petitioner and her counsel, Ms. Laura Levenberg; and**

---

[5] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorneys against a client, "advanced costs," and fees for legal services rendered. Furthermore, Section 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir. 1991).

4

2) **a lump sum in the amount of 22,353.55, representing reimbursement for Petitioner's attorneys' fees and costs, in the form of a check payable to Petitioner and her attorneys, mctlaw. Petitioner requests that this check be forwarded to mctlaw, 1605 Main Street, Suite 710, Sarasota, Florida 34236.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance herewith.[6]

**IT IS SO ORDERED.**

/s/Thomas L. Gowen
Thomas L. Gowen
Special Master

---

[6] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).